UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-126 |
| | ) | (VARLAN/SHIRLEY) |
| CHARLIE EDWARD GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the 2007 Retroactive Amendment to the Sentencing Guidelines [Doc. 28]. In the motion, the defendant requests that the Court re-sentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 706 to the U.S. Sentencing Guidelines (the "Guidelines"),[1] the applicable 18 U.S.C. § 3553(a) factors, and the defendant's post-sentencing conduct. In accordance with this motion, the defendant requests a sentence of 120 months' imprisonment. The United States has responded [Doc. 29], noting that the defendant appears to be eligible for a sentence reduction, and that the government defers to the Court's discretion whether and to what extent a reduction should be granted, subject to the limitations of § 3582(c) and U.S.S.G. § 1B1.10.

---

[1]The government points out that since the defendant filed his motion, the United States Sentencing Commission issued Amendment 750 to the Guidelines, which is likewise retroactive and further reduces the offense level for some crack cocaine offenders. As such, in its response, the government used Amendment 750 to calculate the defendant's amended Guidelines range.

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

(a)  Authority. –

> (1) In General. -- In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c)

> below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment. –
>
> (1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitations and Prohibition on Extent of Reduction. –
>
> (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring

3

the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

Upon pleading guilty, the defendant was convicted of conspiracy to distribute and possess with intent to distribute at least fifty (50) grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(C) [Doc. 26]. At the time of sentencing, the defendant was held accountable for at least fifty (50) but less than one hundred and fifty (150) grams of crack cocaine [Presentence Investigation Report (the "PSR"), ¶¶ 17, 18]. In

calculating the applicable Guidelines range according to the Guidelines in effect at the time of the defendant's sentencing, and given the amount of drugs the defendant was held accountable for, the probation officer determined that the defendant's base offense level was 32 [*Id.*]. Following a three-level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 29 [*Id.*, ¶¶ 24, 25]. Based on a total offense level of 29, and a criminal history category of IV, the defendant's advisory Guidelines range was 121 to 151 months' imprisonment [*Id.*, ¶¶ 45, 67]. The defendant was also subject to a statutory mandatory minimum of 120 months' imprisonment [*Id.*, ¶ 66]. On May 16, 2007, the Court sentenced the defendant to 121 months' imprisonment, a term of incarceration at the bottom of the defendant's Guidelines range [Doc. 26]. According to the Bureau of Prisons (the "BOP"), the defendant is presently scheduled for release on August 24, 2015 [Doc. 29, p. 3].

Both the defendant and the government agree that the defendant's advisory Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011 and thus, the defendant's advisory Guidelines range is affected by Amendment 750 (as well as Amendment 706). Pursuant to Amendment 750, a quantity of 50 grams of crack cocaine would yield an amended base offense level of 26. Thus, after the adjustment for acceptance of responsibility, the defendant's new total offense level is 23, which, combined with the defendant's criminal history category of IV, results in an amended advisory Guidelines range of 70 to 87 months' imprisonment [*Id.*]. However, because the defendant remains subject to the 120-month statutory mandatory minimum, his effective

Guidelines range is 120 months' imprisonment. Because that range is lower than the Guidelines range previously applicable to the defendant, the Court agrees that he is eligible for a sentence reduction under § 3582(c)(2), the maximum reduction being a one (1) month reduction, *i.e.*, the difference between the defendant's current 121-month sentence and the 120-month statutory mandatory minimum. Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

The Court will now consider the § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offense and his history and characteristics, along with the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a).

Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's sentencing and ultimately determined that a sentence of 121 months, a sentence at the low end of the

6

defendant's advisory Guidelines range, was appropriate. The Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining an appropriate sentence under the amended restricted Guidelines range of 120 months' imprisonment. The government submits that it has no specific information to present in opposition to a reduction in the defendant's sentence, and defers to the Court's discretion whether the requested one (1) month reduction is appropriate.

Pursuant to § 3582(c)(2), § 1B1.10, and the relevant § 3553(a) factors, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, including the seriousness of the defendant's offense, along with the need to protect the public from future crimes of the defendant.[2] After considering the relevant factors and taking into account the other information available, the Court finds some reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendments 706 and 750. The Court has also taken into consideration the risk the defendant poses to public safety and the defendant's criminal history. Finally, the Court has considered the need to provide the defendant with educational training and drug treatment offered by the BOP. *See* 18 U.S.C. § 3553(a)(2)(D).

---

[2]Stating that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Accordingly, because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence by one (1) month, to a term of 120 months' imprisonment, to take effect ten (10) days from the entry of this order.

## III. Conclusion

Accordingly, for the reasons given above, the defendant's Motion for Resentencing Pursuant to the 2007 Retroactive Amendment to the Sentencing Guidelines [Doc. 28] is **GRANTED** and the defendant's sentence is **REDUCED** to **120 months' imprisonment,** a reduction of one (1) month from the defendant's initial 121-month sentence. This reduction **will take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: if this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE